IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NELSON GOMES, individually, derivatively and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 14-0283-CV-W-ODS |
| AMERICAN CENTURY COMPANIES, INC., AMERICAN CENTURY INVESTMENT MANAGEMENT, INC., JAMES E. STOWERS, JR., JAMES E. STOWERS, III, JONATHAN S. THOMAS, THOMAS A. BROWN, ANDREA C. HALL, DONALD H. PRATT, GALE E. SAYERS, M. JEANNINE STRANDJORD, TIMOTHY S. WEBSTER, WILLIAM M. LYONS, ENRIQUE CHAN, MARK KOPINSKI and BRIAN BRADY, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., d/b/a AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND, | ) ) ) ) | |
| Nominal Defendant. | ) | |

ORDER DENYING JOINT MOTION TO STAY ALL PROCEEDINGS

On July 1, 2014 the Court issued an Order that stayed proceedings until January 2, 2015. By that time, the committee formed to investigate Plaintiff's litigation demand was to have completed its work and decided whether to act on or refuse the demand. If the demand was refused, the parties were to file a Joint Proposed Scheduling Order by January 23, 2015. Now pending is the parties' Joint Motion to Stay All Proceedings, which seeks to stay proceedings pending the Eighth Circuit's decision in *Seidl v. American Century Companies, Inc.*, No. 14-2796. The motion (Doc. # 24) is denied.

The motion indicates Plaintiff's litigation demand was denied on December 23, 2014. This would ordinarily trigger an opportunity for Plaintiff to conduct discovery necessary to demonstrate that this decision is not entitled to deference under the business judgment rule set forth by the Maryland Court of Appeals in *Boland v. Boland*, 31 A.3d 529 (Md. 2011). The parties contend further scheduling – and discovery – should be delayed until the Eighth Circuit decides *Seidl* because *Seidl* also involves application of *Boland* to a board's denial of a litigation demand. They contend that the "Eighth Circuit's decision in the *Seidl* appeal will thus at a minimum be instructive" in this case, but the Court disagrees. The parties agree that Maryland law governs. They agree that *Boland* is the definitive statement of Maryland law. The only issue is the application of *Boland* to the facts – and there are many factual differences between this case and *Seidl*. They involve different investments made at different times by different people; the roster of defendants is different; the claims asserted are different; a different decision (made, presumably, by a different Special Litigation Committee) is being analyzed after (presumably) a different investigation.

The Court is not persuaded that the mere existence of another appeal involving the same law justifies staying this case. If that were enough, then countless cases would be stayed in district courts. The Court's conclusion might be different if one side or the other conceded that a particular outcome in *Seidl* meant that side would lose this case; that is, for instance, if Plaintiff conceded that an affirmance in *Seidl* meant this case could be dismissed without the need for discovery, or if Defendants conceded that a reversal in *Seidl* meant they would lose this case without regard to any discovery. As it is, the Court believes that discovery will be required regardless of the outcome of *Seidl*, and that a decision in *Seidl* will not significantly alter or affect the course of discovery in this case. There is no reason to delay what inevitably must occur.
IT IS SO ORDERED.


/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 12, 2015          UNITED STATES DISTRICT COURT


2