IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| NELSON GOMES, individually, derivatively and on behalf of all others similarly suited, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 14-0283-CV-W-ODS |
| AMERICAN CENTURY COMPANIES, IN0043.; AMERICAN CENTURY INVESTMENT MANAGEMENT, INC.; JAMES E. STOWERS, JR.; JAMES E. STOWERS, III; JONATHAN S. THOMAS; THOMAS A. BROWN; ANDREA C. HALL; DONALD H. PRATT; GALE E. SAYERS; M. JEANNINE STRANDJORD; TIMOTHY S. WEBSTER; WILLIAM M. LYONS; ENRIQUE CHAN, MARK KOPINSKI and BRIAN BRADY, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |
| - and - | ) ) | |
| AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., d/b/a AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND, | ) ) ) ) | |
| Nominal Defendant. | ) ) | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants American Century Companies, Inc., American Century Investment Management, Inc., James E. Stowers, Jr., James E. Stowers, III, Jonathan S. Thomas, William M. Lyons, Enrique Chang, Mark Kopinski, and Brian Brady (collectively "Defendants"), by their attorneys, Bryan Cave LLP and Cooley LLP, answer Plaintiff's First Amended Complaint ("Complaint") as follows. In providing these responses to the Complaint, Defendants reserve their position that no answer to the Complaint is necessary at this time because Plaintiff has not established shareholder standing to pursue the claims alleged in the Complaint.

1

1.      Defendants admit the allegations of the first sentence of Paragraph 1.  As to the remainder of Paragraph 1, Defendants deny the allegations.

2.      Defendants state that the first sentence of Paragraph 2 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny such allegations.  As to the remainder of Paragraph 2, Defendants deny that NETeller "disclosed" the prospectus to Defendants, but admit that the NETeller prospectus states that "[t]he view of the US Department of Justice is that [the US Federal Interstate Wire Act 1961] also can be applied to customers engaged in online gambling" and "[t]here can be no assurance that the US will not threaten to try to prosecute the NETeller Group under federal law at some stage under existing or future regulation."  Defendants deny the remaining allegations.

3.      Defendants admit that a portion of 18 U.S.C. 1955 is quoted in Paragraph 3 and deny the remaining allegations of Paragraph 3.

4.      Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 4 and, on that basis, deny same.

5.      Defendants deny the allegations of the first and second sentences of Paragraph 5. Defendants admit that the quoted language is found in the PartyGaming prospectus.  Defendants deny the remaining allegations of Paragraph 5.

6.       Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 6 and, on that basis, deny same.

7.      Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 7 and, on that basis, deny same.

8.      Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the statement in the first sentence of Paragraph 8 that Ongame generated 80% of

its $130 million in annual revenue from gamblers in the United States and, on that basis, deny same. As to the remainder of Paragraph 8, Defendants deny the allegations.

9.      Defendants state that Paragraph 9 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

10.     Defendants admit that the Fund purchased millions of dollars of shares of Bwin in January 2006.  Defendants deny the remaining allegations in Paragraph 10.

11.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 11 and, on that basis, deny same.

12.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 12 and, on that basis, deny same.

13.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 13 and, on that basis, deny same.

14.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 14 and, on that basis, deny same.

15.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 15 and, on that basis, deny same.

16.     Defendants state that Paragraph 16 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations and, on that basis, deny same.

17.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 17 and, on that basis, deny same.

18.     Defendants state that Paragraph 18 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny such allegations.

19.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 19 and, on that basis, deny same.

20.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 20 and, on that basis, deny same.

21.     Defendants admit that the Fund purchased the shares of NETeller and Bwin overseas.  Defendants deny the remaining allegations in Paragraph 21.

22.     Defendants state that Paragraph 22 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

23.     Defendants state that Paragraph 23 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

24.     Defendants state that Paragraph 24 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

25.     Defendants deny the allegations in Paragraph 25.

26.     Defendants state that Paragraph 26 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

27.     Defendants state that the first sentence of Paragraph 27 consists solely of legal

4

conclusions to which no responsive pleading is required; to the extent that a response is required to the first sentence of Paragraph 27, Defendants deny such allegations. As to the remainder of Paragraph 27, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations, on that basis, deny same.

28.　　Defendants deny the allegations in Paragraph 28.

29.　　Defendants admit that Plaintiff has asserted the claims described in Paragraph 29, but deny the merits thereof.

30.　　Defendants deny the allegations in Paragraph 30.

31.　　Defendants state that Paragraph 31 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

32.　　Defendants state that Paragraph 32 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required that require a response, Defendants admit that § 1955 is included in the definition of "racketeering activity" in 18 U.S.C. § 1961(1).

33.　　Defendants deny the allegations in Paragraph 33.

34.　　In response to Paragraph 34, Defendants admit that Plaintiff seeks to assert derivative claims on behalf of ACWMF and that Plaintiff has named ACWMF as a nominal defendant, but otherwise deny the allegations of Paragraph 34.

35.　　Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 35 and, on that basis, deny same, except that Defendants admit that Plaintiff owns shares in the Fund.

36.　　Defendants admit the allegations in Paragraph 36.

5

37. Defendants admit the allegations in Paragraph 37 insofar as they pertain to ACWMF, and Defendants otherwise deny having knowledge of information sufficient to form a belief as to the truthfulness of the allegations in this paragraph as they may pertain to other "series mutual funds."

38. Defendants admit the allegations in the first sentence of Paragraph 38 and deny the allegations in the second and third sentences of this paragraph, except admit that ACWMF has a single board of directors.

39. Defendants deny the allegations of Paragraph 39.

40. Defendants admit the allegations in Paragraph 40.

41. Defendants admit that American Century Investment Management, Inc. is a subsidiary of ACC, but otherwise deny the allegations in Paragraph 41.

42. Defendants deny that ACIM's principal place of business is in New York. Defendants admit the remaining allegations in Paragraph 42.

43. Defendants deny the allegations in Paragraph 43, except admit that ACIM is the investment adviser for the Fund and was responsible for managing the Fund and its investment strategies.

44. Defendants deny the allegations in Paragraph 44, except admit that James E. Stowers, Jr. ("Stowers") was vice chairman of ACWMF, a former director and controlling shareholder of ACC, and a director of ACIM. Defendants aver that Mr. Stowers is now deceased.

45. Defendants deny the allegations of the first and second sentences of Paragraph 45. Defendants deny that Mr. Thomas "exercised operational or managerial oversight" over the "investment strategy complained of herein." Defendants admit the remaining allegations in

Paragraph 45.

46.     Defendants deny the allegations in Paragraph 46.

47.     Defendants deny the allegations in Paragraph 47.

48.     Defendants state that Paragraph 48 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny the allegations of Paragraph 48.

49.     Defendants deny the allegations in Paragraph 49, except admit that Brown, Hall, Pratt, Sayers, Strandjord and Webster were not interested persons, that Sayers, Pratt, and Webster are no longer directors, and that at least two of the current directors of ACWMF were not directors of ACWMF at the time of the investments at issue. Except as specifically admitted, Defendants deny the remaining allegations of Paragraph 49.

50.     Defendants admit that the quoted language is found in a January 30, 2007 SEC filing, but otherwise deny the allegations in Paragraph 50.

51.     Defendants deny the allegations in Paragraph 51.

52.     Defendants deny the allegations in Paragraph 52.

53.     Defendants deny the allegations in Paragraph 53.

54.     Defendants deny the allegations in Paragraph 54.

55.     Defendants deny the allegations in Paragraph 55, except admit that among the individual defendants, some are citizens of one of the following states: New York, Connecticut, Missouri, Kansas, and Illinois.

56.     Defendants state that the first and second sentences of Paragraph 56 consist solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit that the Court has jurisdiction over this action. Defendants deny

having knowledge or information sufficient to form a belief as to truthfulness of the allegations concerning Plaintiff's citizenship and, on that basis, deny same, and admit that none of Defendants are citizens of California.

57.     Defendants state that Paragraph 57 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit the allegations.

58.     Defendants deny the allegations in Paragraph 58, except admit that some means and instrumentalities of interstate commerce was used for at least some of the acts alleged in the Complaint.

59.     Defendants state that Paragraph 59 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit that the quoted language is found in 18 U.S.C. § 1955 but state that the entire language has not been quoted and on that basis deny the allegations.

60.     Defendants state that Paragraph 60 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

61.     Defendants state that Paragraph 61 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

62.     Defendants state that Paragraph 62 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

63.     Defendants deny the allegations in Paragraph 63.

8

64.     Defendants deny the allegations in Paragraph 64, except Defendants admit that the Fund purchased millions of dollars of shares of NETeller and Bwin between December 1, 2004 and February 28, 2006.

65.     Defendants deny the allegations in Paragraph 65, except Defendants admit that on multiple occasions between December 2004 and February 28, 2005, ACWMF purchased hundreds of thousands of shares of NETeller.

66.     Defendants admit the allegations in Paragraph 66, except Defendants deny that in the fourth quarter of 2005 they decided to heavily invest in Bwin.

67.     Defendants admit the allegations in Paragraph 67.

68.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations of the first and second sentences of Paragraph 68 and, on that basis, deny same.  Defendants deny the allegations in Paragraph 68.

69.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 69 and, on that basis, deny same.

70.     Defendants admit that on multiple occasions between December 2005 and February 28, 2006, the Fund purchased more than ten thousand shares of Bwin.  Defendants deny the remaining allegations in Paragraph 70.

71.     Defendants admit the allegations in Paragraph 71.

72.     Defendants deny the allegations in Paragraph 72.

73.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 73 and, on that basis, deny same.

74.     Defendants admit that on multiple occasions between March 1, 2006 and May 31, 2006, the Fund purchased additional shares of Bwin.  Defendants deny the remaining allegations in

Paragraph 74.

75. Defendants admit the allegations in Paragraph 75.

76. Defendants admit that on multiple occasions between June 1, 2006 and August 31, 2006, ACWMF purchased additional shares of Bwin. Defendants deny the remaining allegations in Paragraph 76.

77. Defendants admit the allegations in Paragraph 77.

78. Defendants deny having knowledge or information sufficient to form a belief on the share price of Bwin's stock in October 2006 and, on that basis, deny same. Defendants deny the remaining allegations in Paragraph 78.

79. Defendants admit that ACWMF voted by proxy at the April 18, 2005 shareholders meeting and deny having knowledge of information sufficient to form a belief on the last sentence of Paragraph 79. Defendants otherwise deny the allegations of Paragraph 79.

80. Defendants admit that ACWMF voted by proxy at the June 22, 2005 shareholders' meeting for NETeller. Defendants otherwise deny the allegations in Paragraph 80.

81. Defendants admit that ACWMF voted by proxy in the April and June 2005 meetings. Defendants otherwise deny the allegations in Paragraph 81.

82. Defendants admit that ACWMF voted by proxy at a July 13, 2006 Bwin shareholder meeting and that such action was reported in a report filed with the SEC on August 27, 2007. Defendants otherwise deny the allegations in Paragraph 82, except deny knowledge or information sufficient to form a belief on the timing of the "law enforcement crackdown in the United States," and, on that basis, deny same.

83. Defendants deny the allegations in Paragraph 83.

84. Defendants deny the allegations in Paragraph 84.

85.     Defendants deny the allegations in Paragraph 85, except admit that American Century Variable Portfolios, Inc. owned over 1 million shares of PartyGaming.

86.     Defendants deny the allegations of Paragraph 86, except admit that American Century International Opportunities Fund purchased hundreds of thousands of shares in NETeller and admit that the International Opportunities Fund is a separate mutual fund series.

87.     Defendants admit the allegations in Paragraph 87.

88.     Defendants admit the allegations in Paragraph 88.

89.     Defendants deny the allegations in Paragraph 89.

90.     Defendants  deny the allegations in Paragraph 90.

91.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 91and, on that basis, deny same.

92.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 92 and, on that basis, deny same, except Defendants admit that Congress passed the Unlawful Internet Gambling Enforcement Act of 2006.

93.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 93 and, on that basis, deny same.

94.     Defendants state that Paragraph 94 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

95.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 95 and, on that basis, deny same.

96.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 96 and, on that basis, deny same.

97.     Defendants state that Paragraph 97 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

98.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 98 and, on that basis, deny same.

99.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 99 and, on that basis, deny same.

100.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 100 and, on that basis, deny same.

101.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 101 and, on that basis, deny same.

102.    Defendants deny the allegations in Paragraph 102.

103.    Defendants deny the allegations in Paragraph 103.

104.    Defendants deny the allegations in Paragraph 104.

105.    Defendants deny the allegations in Paragraph 105.

106.    Defendants deny the allegations in Paragraph 106.

107.    Defendants deny the allegations in Paragraph 107.

108.    Defendants deny the allegations in Paragraph 108.

109.    Defendants state that Paragraph 109 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

110.    Defendants deny the allegations in Paragraph 110.

111.    Defendants deny having knowledge or information sufficient to form a belief as to

the truthfulness of the allegations in Paragraph 111 and, on that basis, deny same.

112.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 112 and, on that basis, deny same.

113.     Defendants state that Paragraph 113 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

114.     Defendants state that Paragraph 114 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations of the first sentence in Paragraph 114 and deny the allegations of the second sentence.

115.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 115 and, on that basis, deny same.

116.     Defendants deny the allegations in Paragraph 116.

117.     Defendants admit the allegations in Paragraph 117.

118.     Defendants deny the allegations in Paragraph 118.

119.     Defendants deny the allegations in Paragraph 119.

120.     Defendants deny the allegations in Paragraph 120.

121.     Defendants admit the allegations in Paragraph 121.

122.     Defendants deny the allegations in Paragraph 122.

123.     Defendants deny the allegations in Paragraph 123.

124.     Defendants deny the allegations in Paragraph 124.

125.     Defendants deny the allegations in Paragraph 125.

126.     Defendants state that Paragraph 126 consists solely of legal conclusions to which

no responsive pleading is required; to the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations and, on that basis, deny same.

127.     Defendants state that Paragraph 127 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations and, on that basis, deny same.

128.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 128 and, on that basis, deny same.

129.     Defendants state that Paragraph 129 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations and, on that basis, deny same.

130.     Defendants deny the allegations in Paragraph 130.

131.     Defendants deny the allegations in Paragraph 131.

132.     Defendants deny the allegations in Paragraph 132.

133.     Defendants deny the allegations in Paragraph 133.

134.     Defendants deny the allegations in Paragraph 134, except admit that some of the defendants conducted due diligence before ACWMF purchased stock in Bwin and NETeller.

135.     Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 135 and, on that basis, deny same.

136.     Defendants state that Paragraph 136 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny such

allegations.

137.    Defendants state that Paragraph 137 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny such allegations

138.    Defendants deny the allegations in Paragraph 138.

139.    Defendants state that Paragraph 139 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

140.    Defendants state that Paragraph 140 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

141.    Defendants state that Paragraph 141 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

142.    Defendants state that Paragraph 142 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

143.    Defendants state that Paragraph 143 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

144.    Defendants state that Paragraph 144 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

145.     Defendants state that Paragraph 145 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

146.     Defendants state that Paragraph 146 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

147.     Defendants deny the allegations in Paragraph 147.

148.     Defendants deny the allegations in Paragraph 148.

149.     Defendants deny the allegations of the first sentence in Paragraph 149.  Defendants state that the remainder of Paragraph 149 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations

150.     Defendants state that Paragraph 150 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny  such allegations.

151.     Defendants state that Paragraph 151 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit the allegations in Paragraph 151.

152.     Defendants deny the allegations in Paragraph 152.

153.     Defendants deny the allegations in Paragraph 153.

154.     Defendants deny the allegations in Paragraph 154.

155.     Defendants admit that Plaintiff was a shareholder of the Fund at the time the Fund made the transactions in Bwin and NETeller that Plaintiff alleges in the Complaint.  Defendants

deny any remaining allegations in Paragraph 155.

156.    Defendants admit that Plaintiff is a shareholder of the Fund.  Defendants deny any remaining allegations in Paragraph 156.

157.    Defendants state that Paragraph 157 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 157 and, on that basis, deny same.

158.    Defendants deny having knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 158 and, on that basis, deny same.

159.    Defendants deny the allegations in Paragraph 159.

160.    Defendants deny the allegations in Paragraph 160.

161.    Defendants deny the allegations in Paragraph 161.

162.    Defendants admit the allegations of the first sentence in Paragraph 162.  Defendants deny the remaining allegations in Paragraph 162.

163.    Defendants admit that the Board's refusal of Plaintiff's demand was based, in part, on the December 1, 2014 Report of the Special Subcommittee to the American Century World Mutual Funds, Inc. Board of Directors.  Defendants deny the remaining allegations in Paragraph 163.

164.    Defendants deny the allegations in Paragraph 164.

165.    Defendants deny the allegations in Paragraph 165.

166.    Defendants deny the allegations in Paragraph 166.

167.    Defendants deny the allegations in Paragraph 167.

168.    Defendants deny the allegations in Paragraph 168.

169. Defendants deny the allegations in Paragraph 169.

170. Defendants state that Paragraph 170 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit that the directors of the Board have duties of loyalty to the funds that compose ACWMF, and Defendants deny the remaining allegations in Paragraph 170.

171. Defendants deny the allegations in Paragraph 171.

172. Defendants deny the allegations in Paragraph 172.

173. Defendants admit that ACWMF's filings with the SEC state that ACIM provides for the operation of the separate funds that compose ACWMF and that ACIM obtains some of the funds to pay for this from the fees allocated to the Fund, that ACWMF's Annual Report for the fiscal year ending November 30, 2006 states that the Fund was allocated and paid $21,230,000 in fees. Defendants deny the remaining allegations in Paragraph 173.

174. Defendants deny the allegations in Paragraph 174.

175. Defendants deny the allegations in Paragraph 175.

176. Defendants deny the allegations in Paragraph 176.

177. Defendants deny the allegations in Paragraph 177.

178. Defendants deny the allegations of the second sentence in Paragraph 178. Defendants state that the first and third sentences in Paragraph 178 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

179. Defendants deny the allegations in Paragraph 179.

180. Defendants state that Paragraph 180 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such

allegations.

181.     Defendants state that Paragraph 181 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

182.     Defendants state that Paragraph 182 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

183.     Defendants state that Paragraph 183 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

184.     Defendants deny the allegations in Paragraph 184.

185.     Defendants state that the first sentence of Paragraph 180 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.  Defendants admit that the "Sentinel" system was in place to block certain transactions.  Defendants deny the remaining allegations in Paragraph 185.

186.     Defendants deny the allegation sin Paragraph 186.

187.     Defendants deny the allegations in Paragraph 187.

188.     Defendants deny the allegations in Paragraph 188.

189.     Defendants deny the allegations in Paragraph 189.

190.     Defendants state that Paragraph 190 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

191.     Defendants deny knowledge or information sufficient to form a belief as to the

truthfulness of the allegations in the second sentence in Paragraph 191. Defendants deny the remaining allegations of Paragraph 191.

192.     Defendants deny the allegations in Paragraph 192.

193.     Defendants repeat and re-allege the foregoing responses to Paragraph 1 through 192.

194.     Defendants admit that Plaintiff asserts the claims alleged in the first sentence of Paragraph 186, but deny the merits thereof. Defendants state that the remainder of Paragraph 186 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

195.     Defendants admit the allegations in the first sentence of Paragraph 195. Defendants deny the allegations in the second sentence of Paragraph 195.

196.     Defendants deny the allegations in Paragraph 196.

197.     Defendants deny the allegations in Paragraph 197.

198.     Defendants state that Paragraph 198 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

199.     Defendants state that Paragraph 199 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

200.     Defendants repeat and re-allege the foregoing responses to Paragraph 1 through 199.

201.     Defendants admit that Plaintiff asserts the claim alleged, in Paragraph 201 but deny the merits thereof.

202.     Defendants admit the allegations in the first sentence of Paragraph 202. Defendants deny the allegations in the second sentence of Paragraph 202.

203.    Defendants deny the allegations in Paragraph 203.

204.    Defendants deny the allegations in Paragraph 104.

205.    Defendants state that Paragraph 205 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

206.    Defendants repeat and re-allege the foregoing responses to Paragraph 1 through 205.

207.    Defendants admit that Plaintiff asserts the claim alleged, in Paragraph 201 but deny the merits thereof.

208.    Defendants deny the allegations in Paragraph 208.

209.    Defendants deny the allegations in Paragraph 209.

210.    Defendants state that Paragraph 210 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

211.    Defendants repeat and re-allege the foregoing responses to Paragraph 1 through 210.

212.    Defendants admit that Plaintiff brings this claim on behalf of ACWMF but deny that plaintiff has any claim in Paragraph 212.

213.    Defendants state that Paragraph 213 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

214.    Defendants state that Paragraph 214 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

215.    Defendants state that Paragraph 215 consists solely of legal conclusions to which no

responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

216.     Defendants repeat and re-allege the foregoing responses to Paragraph 1 through 215.

217.     Defendants admit that Plaintiff brings the claims asserted in Paragraph 217, but denies the merits thereof.

218.     Defendants state that Paragraph 218 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

219.     Defendants deny the allegations in Paragraph 219.

220.     Defendants deny the allegations in Paragraph 220.

221.     Defendants state that Paragraph 221 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

222.     Defendants state that Paragraph 222 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

223.     Defendants repeat and re-allege the foregoing responses to Paragraph 1 through 222.

224.     Defendants admit the allegations in Paragraph 224, with the exception that the Management Agreement uses the word "conform" rather than "confirm."

225.     Defendants deny the allegations in Paragraph 217.

226.     Defendants state that Paragraph 226 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny the allegations.

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

* * *

Wherefore, Defendants deny that Plaintiff is entitled to recover any damages or obtain any relief requested in  the Prayer for Relief and deny that Plaintiff is entitled to a Jury Trial.

## PRAYER FOR RELIEF

Wherefore, Defendants pray:

1.  that Plaintiff take nothing by reason of his Complaint, and that the Complaint be dismissed in its entirety with prejudice;

2.  that Defendants be awarded its attorneys' fees, to the extent permitted by applicable law, and costs of suit incurred in the defense of this action;

3.  for such other and additional relief as the Court deems proper.

## ADDITIONAL DEFENSES

Defendants assert the following separate defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff. Defendants reserve the right to supplement or amend these defenses as discovery is conducted, and do not knowingly or intentionally waive any applicable affirmative defense.

## FIRST ADDITIONAL DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff does not have standing to pursue the claims alleged in the Complaint because he has not established that the board wrongfully refused his demand.

### THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because of the running of applicable statutes of limitations.

### FOURTH ADDITIONAL DEFENSE

Any damages alleged by Plaintiff were a direct and proximate result of a superseding intervening cause such that the intervening superseding cause bars any recovery.

### FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants performed their duties to the extent required by applicable law.

### SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part because the Defendants, at all times, acted in good faith.

Dated: April 3, 2015                    BRYAN CAVE LLP


                                        By:/s/ W. Perry Brandt
                                        _____
                                            W. Perry Brandt (MO Bar. #28292)

                                            1200 Main Street, Suite 3500
                                            Kansas City, MO 64105
                                            Telephone:        (816) 374-3200
                                            Facsimile:        (816) 374-3300
                                            E-mail:           perry.brandt@bryancave.com

                                        Attorneys for Defendants American Century
                                        Companies, Inc., American Century Investment
                                        Management, Inc., James E. Stowers, Jr., James E.
                                        Stowers, III, Jonathan S. Thomas, William M. Lyons,
                                        Enrique Chang, Mark Kopinski, and Brian Brady


Dated: April 3, 2015                    COOLEY LLP


                                        By: /s/ Benjamin H. Kleine
                                        _____
                                            Benjamin H. Kleine (*pro hac vice*)

                                            101 California Street, 5th Floor
                                            San Francisco, CA  94111-5800
                                            Telephone:        (415) 693-2000
                                            Facsimile:        (415) 693-2222
                                            E-mail:           bkleine@cooley.com

                                        Attorneys for Defendants American Century
                                        Companies, Inc., American Century Investment
                                        Management, Inc., James E. Stowers, Jr., James E.
                                        Stowers, III, Jonathan S. Thomas, William M. Lyons,
                                        Enrique Chang, Mark Kopinski, and Brian Brady

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2015, the foregoing was electronically filed using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/    W. Perry Brandt
Attorney for Defendants American Century
Companies, Inc., American Century Global
Investment Management, Inc., James E. Stowers,
Jr., Jonathan S. Thomas, William M. Lyons,
Enrique Chan, Mark Kopinski, and Brian Brady