**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| NELSON GOMES, derivatively, on behalf of AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND, | **Case No. 4:14-00283-ODS** |

Plaintiff,

− against −

AMERICAN CENTURY COMPANIES, INC., AMERICAN CENTURY INVESTMENT MANAGEMENT, INC., JAMES E. STOWERS, JR., JAMES E. STOWERS, Ill, JONATHAN S. THOMAS, THOMAS A. BROWN, ANDREA C. HALL, DONALD H. PRATT, GALE E. SAYERS, M. JEANNINE STRANDJORD, TIMOTHY S. WEBSTER, WILLIAM M. LYONS, ENRIQUE CHAN, MARK KOPINSKI, and BRIAN BRADY,

Defendants,

− and −

AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND,

Nominal Defendant.

**ANSWER OF DEFENDANTS THOMAS A. BROWN, ANDREA C. HALL,**
**DONALD H. PRATT, GALE E. SAYERS, M. JEANNINE STRANDJORD, AND**
**TIMOTHY S. WEBSTER TO FIRST AMENDED COMPLAINT**

Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M.

Jeannine Strandjord, and Timothy S. Webster ("Defendants"), by their attorneys, file this Answer

to the claims asserted in Plaintiff's First Amended Complaint ("Complaint"). Defendants reserve their position that no answer to the Complaint should be required at this time, because plaintiff has not established that he has standing to pursue the claims he seeks to assert.

Defendants respond to the numbered paragraphs of the Complaint as follows:

1.      Defendants admit the allegations of the first sentence of paragraph 1. Defendants deny the remaining allegations of paragraph 1.

2.      The first sentence of Paragraph 2 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny such allegations. Defendants admit that a portion of the NETeller prospectus is quoted in Paragraph 2(b), but deny that NETeller made disclosures to Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 2.

3.      Defendants admit that a portion of 18 U.S.C. § 1955 is quoted in paragraph 3 and deny the remaining allegations of paragraph 3.

4.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.      Defendants admit that a portion of PartyGaming's 2005 IPO prospectus is quoted in the third sentence of paragraph 5. Defendants deny the remaining allegations of paragraph 5.

6.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6.

7.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7.

8.      Defendants lack knowledge or information sufficient to form a belief as to the truth of the statement in the first sentence of paragraph 8 that Ongame generated 80% of its $130 million

in annual revenue from gamblers in the United States. Defendants deny the remaining allegations of paragraph 8.

9. Paragraph 9 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

10. Defendants admit that the Fund purchased millions of dollars of shares of Bwin in January 2006. Defendants deny the remaining allegations of paragraph 10.

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16. Paragraph 16 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17.

18. Paragraph 18 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

19.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20.

21.     Defendants admit that the Fund purchased its shares of NETeller and Bwin overseas and lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21.

22.     Paragraph 22 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny such allegations.

23.     Paragraph 23 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

24.     Paragraph 24 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

25.     Defendants deny the allegations of paragraph 25.

26.     Paragraph 26 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

27.     The first sentence of paragraph 27 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 27.

28.     Defendants deny the allegations of paragraph 28.

29.     Defendants admit that Plaintiff has asserted the claims described in paragraph 29, but deny the merits of such claims.

30.     Defendants deny the allegations of paragraph 30.

31.     Paragraph 31 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

32.     Paragraph 32 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit that § 1955 is included in the definition of "racketeering activity" in 18 U.SC. § 1961(1).

33.     Defendants deny the allegations of paragraph 33.

34.     Defendants admit that Plaintiff seeks to assert derivative claims on behalf of ACWMF and that Plaintiff has named ACWMF as a nominal defendant, but deny the remaining allegations of paragraph 34.

35.     Defendants admit that Plaintiff owns shares in the Fund, but lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's citizenship and when Plaintiff purchased shares in the Fund.

36.     Defendants admit the allegations of paragraph 36.

37.     Defendants admit the allegations of paragraph 37 as they pertain to ACWMF, but lack knowledge or information sufficient to form a belief as to the truth of the allegations as they may pertain to other series mutual funds.

38.     Defendants admit the allegations in the first sentence of paragraph 38 and admit that ACWMF has a single board of directors, but deny the remaining allegations of paragraph 38.

39.     Defendants deny the allegations of paragraph 39.

40.     Defendants admit the allegations of paragraph 40.

41.     Defendants admit that defendant American Century Investment Management, Inc. ("ACIM") is a subsidiary of defendant American Century Companies, Inc. ("ACC"), and deny

the remaining allegations of paragraph 41.

42.     Defendants deny that ACIM's principal place of business is in New York. Defendants admit the remaining allegations of paragraph 42.

43.     Defendants admit that ACIM is the investment adviser for the Fund and was responsible for managing the Fund, but deny the remaining allegations of paragraph 43.

44.     Defendants deny the allegations of paragraph 44, except admit that James E. Stowers, Jr. ("Stowers") was vice chairman of ACWMF, a former director and controlling shareholder of ACC, and a director of ACIM. Defendants aver that Stowers is now deceased.

45.     Defendants deny the allegations in the first and second sentences of paragraph 45 and the allegation in the third sentence of paragraph 45 that Mr. Thomas "exercised operational or managerial oversight" over the "investment strategy complained of herein." Defendants admit the remaining allegations of paragraph 45.

46.     Defendants deny the allegation that the individuals named in paragraph 46 served on the ACWMF board of directors "[a]t all times relevant to this action." Defendants admit the remaining allegations in paragraph 46.

47.     Defendants deny the allegations of paragraph 47.

48.     Paragraph 48 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

49.     Defendants admit that Brown, Hall, Pratt, Sayers, Strandjord and Webster (the "Independent directors") were not interested persons, that Sayers, Pratt, and Webster are no longer directors, and that more than two of the current directors of ACWMF were not directors of ACWMF at the time of the investments at issue in Plaintiff's Complaint. Defendants deny the remaining allegations of paragraph 49,

50.     Defendants admit that the quoted language is found in a January 30, 2007 SEC filing and deny the remaining allegations of paragraph 50.

51.     Defendants deny the allegations of paragraph 51.

52.     Defendants deny the allegations of paragraph 52.

53.     Defendants deny the allegations of paragraph 53.

54.     Defendants deny the allegations of paragraph 54.

55.     Defendants admit they were each a citizen of one of the states listed in paragraph 55, except as to Brown and Hall, as to whom the allegations are denied. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55 as to the other individual defendants.

56.     The first and second sentences of paragraph 56 consist solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, admit that this Court has jurisdiction over this action. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff's citizenship, and admit that none of the Defendants are citizens of California.

57.     Paragraph 57 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants incorporate by reference their responses to allegations about the "acts and practices complained of herein" and admit the remaining allegations of paragraph 57.

58.     Defendants deny the allegations of paragraph 58, except admit that some means and instrumentality of interstate commerce was used for some of the acts alleged in the Complaint.

59.     Paragraph 59 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit that the quoted language is found in 18 U.S.C. § 1955, but state that the entire language has not been quoted and, on that basis, deny the allegation.

60.     Paragraph 60 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

61.     Paragraph 61 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

62.     Paragraph 62 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

63.     Defendants deny the allegations of paragraph 63.

64.     Defendants deny the allegations of paragraph 64, except admit that the Fund purchased millions of dollars of shares of NETeller and Bwin between December 1, 2004 and February 28, 2006.

65.     Defendants deny the allegations of paragraph 65, except admit that the Fund purchased hundreds of thousands of shares of NETeller on multiple occasions between December 2004 and February 28, 2005.

66.     Defendants admit the allegations of paragraph 66, except deny that Defendants decided to heavily invest in Bwin in the fourth quarter of 2005.

67.     Defendants admit the allegations of paragraph 67.

68.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the first and second sentences of paragraph 68. Defendants deny the remaining allegations of paragraph 68.

69.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 69.

70.     Defendants admit that on multiple occasions between December 2005 and February 28, 2006, the Fund purchased more than ten thousand shares of Bwin.  Defendants deny the remaining allegations of paragraph 70.

71.     Defendants admit the allegations of paragraph 71.

72.     Defendants deny the allegations of paragraph 72.

73.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 73.

74.     Defendants admit that on multiple occasions between March 1, 2006 and May 31, 2006, the Fund purchased additional shares of Bwin.  Defendants deny the remaining allegations of paragraph 74.

75.     Defendants admit the allegations of paragraph 75.

76.     Defendants admit that on multiple occasions between June 1, 2006 and August 31, 2006, the Fund purchased additional shares of Bwin.  Defendants deny the remaining allegations in this paragraph.

77.     Defendants admit the allegations of paragraph 77.

78.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the share price of Bwin's stock in October 2006.  Defendants deny the remaining allegations of paragraph 78.

79.     Defendants admit that ACWMF voted by proxy at the April 18, 2005 shareholders' meeting.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the last sentence of paragraph 79.  Defendants deny the remaining allegations of

paragraph 79.

80.     Defendants admit that ACWMF voted by proxy at the June 22, 2005 shareholders' meeting for NETeller, but deny the remaining allegations of paragraph 80.

81.     Defendants admit that ACWMF voted by proxy at the April 2005 and June 2005 NETeller meetings, but deny the remaining allegations of paragraph 81.

82.     Defendants admit that ACWMF voted by proxy at a July 13, 2006 Bwin shareholder meeting and that such action was reported in a report filed with the SEC on August 27, 2007. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations with respect to the timing of a "law enforcement crackdown in the United States." Defendants deny the remaining allegations of Paragraph 82.

83.     Defendants deny the allegations of paragraph 83.

84.     Defendants deny the allegations of paragraph 84.

85.     Defendants admit that American Century Variable Portfolios, Inc. owned over 1 million shares of PartyGaming, but deny the remaining allegations of paragraph 85.

86.     Defendants admit that the American Century International Opportunities Fund owned hundreds of thousands of shares in NETeller and that the International Opportunities Fund is a separate mutual fund. Defendants deny the remaining allegations of paragraph 86.

87.     Defendants admit the allegations of paragraph 87.

88.     Defendants admit the allegations of paragraph 88.

89.     Defendants deny the allegations of paragraph 89.

90.     Defendants deny the allegations of paragraph 90.

91.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91.

92.     Defendants admit that Congress passed the Unlawful Internet Gambling Enforcement Act of 2006.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 92.

93.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 93.

94.     Paragraph 94 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

95.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95.

96.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96.

97.     Paragraph 97 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

98.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 98.

99.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 99.

100.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 100.

101.    Defendants deny that they caused the Fund to invest in NETeller and Bwin and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101.

102.    Defendants deny the allegations of paragraph 102.

103.     Defendants deny the allegations of paragraph 103.

104.     Defendants deny the allegations of paragraph 104.

105.     Defendants deny the allegations of paragraph 105.

106.     Defendants deny the allegations of paragraph 106.

107.     Defendants deny the allegations of paragraph 107.

108.     Defendants deny the allegations of paragraph 108.

109.     Paragraph 109 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

110.     Defendants deny the allegations of paragraph 110.

111.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 111.

112.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 112.

113.     Paragraph 113 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the first sentence of paragraph 113 and deny the remaining allegations.

114.     Paragraph 114 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

115.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 115.

116.     Defendants deny the allegations of paragraph 116.

117.     Defendants admit the allegations of paragraph 117.

118.     Defendants deny the allegations of paragraph 118.

119.     Defendants deny the allegations of paragraph 119.

120.     Defendants deny the allegations of paragraph 120.

121.     Defendants admit the allegations of paragraph 121.

122.     Defendants deny the allegations of paragraph 122.

123.     Defendants deny the allegations of paragraph 123. Defendants aver that each of the Defendants is or was a director of ACWMF.

124.     Defendants deny the allegations of paragraph 124.

125.     Defendants deny the allegations of paragraph 125.

126.     Paragraph 126 consists solely of legal conclusions to which no responsive pleading is required; to the extent a response is required, Defendants deny that they purchased NETeller shares and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 126.

127.     Paragraph 127 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127.

128.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128.

129.     Paragraph 129 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 129.

130.     Defendants deny the allegations of paragraph 130.

131.     Defendants deny the allegations of paragraph 131.

132.     Defendants deny the allegations of paragraph 132.

133.     Defendants deny the allegations of paragraph 133.

134.     Defendants deny the allegations of paragraph 134, except admit that some defendants, other than these Defendants, conducted due diligence on NETeller and Bwin.

135.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 135.

136.     Paragraph 136 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

137.     Paragraph 137 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

138.     Defendants deny the allegations of paragraph 138.

139.     Paragraph 139 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

140.     Paragraph 140 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

141.     Paragraph 141 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

142.     Paragraph 142 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

143.     Paragraph 143 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

144.     Paragraph 144 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

145.     Paragraph 145 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

146.     Paragraph 146 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

147.     Defendants deny the allegations of paragraph 147.

148.     Defendants deny the allegations of paragraph 148.

149.     Defendants deny the allegations in the first sentence of paragraph 149.  The second sentence of paragraph 149 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

150.     Paragraph 150 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

151.     Paragraph 151 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit such allegations.

152.     Defendants deny the allegations of paragraph 152.

153.     Defendants deny the allegations of paragraph 153.

154.     Defendants deny the allegations of paragraph 154.

155.     Defendants admit that Plaintiff was a shareholder of the Fund at the time the Fund made the investments at issue in Plaintiff's Complaint.  Defendants deny any remaining allegations in Paragraph 155.

156.     Defendants admit that Plaintiff is a shareholder of the Fund, but deny any remaining allegations of Paragraph 156.

157.     Paragraph 157 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 157.

158.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 158.

159.     Defendants deny the allegations of paragraph 159.

160.     Defendants deny the allegations of paragraph 160.

161.     Defendants deny the allegations of paragraph 161.

162.     Defendants admit the first sentence, but deny the remaining allegations of paragraph 162.

163.     Defendants admit that the refusal of Plaintiff's demand by the ACWMF board of directors was based, in part, on the December 1, 2014 Report of the Special Subcommittee to the board.  Defendants deny the remaining allegations of paragraph 163.

164.     Defendants deny the allegations of paragraph 164.

165.     Defendants deny the allegations of paragraph 165.

166.     Defendants deny the allegations of paragraph 166.

167.     Defendants deny the allegations of paragraph 167.

168.     Defendants deny the allegations of paragraph 168.

169.     Defendants deny the allegations of paragraph 169.

170.     Paragraph 170 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants admit that the directors of the ACWMF board have duties of loyalty to the funds that compose ACWMF, and deny the remaining allegations of paragraph 170.

171.     Defendants deny the allegations of paragraph 171.

172.     Defendants deny the allegations of paragraph 172.

173.     Defendants admit that ACWMF's filings with the SEC state that ACIM provides for the operation of the separate funds that compose ACWMF and that ACIM obtains some of the funds to pay for this from the fees allocated to the Fund, and that ACWMF's Annual Report for the fiscal year ending November 30, 2006 states that the Fund was allocated and paid $21,230,000 in fees.  Defendants deny the remaining allegations of paragraph 173.

174.     Defendants deny the allegations of paragraph 174.

175.     Defendants deny the allegations of paragraph 175.

176.     Defendants deny the allegations of paragraph 176.

177.     Defendants deny the allegations of paragraph 177.

178.     The first and third sentences of paragraph 178 consist solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.  Defendants deny the allegations of the second sentence of paragraph 178.

179.     Defendants deny the allegations of paragraph 179.

180.     Paragraph 180 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

181.     Paragraph 181 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

182.     Paragraph 182 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

183.     Paragraph 183 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

184.     Defendants deny the allegations of paragraph 184.

185.     The first sentence of paragraph 185 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.  Defendants admit that the "Sentinel" system was in place to block certain transactions.  Defendants deny the remaining allegations of paragraph 185.

186.     Defendants deny the allegations of paragraph 186.

187.     Defendants deny the allegations of paragraph 187.

188.     Defendants deny the allegations of paragraph 188.

189.     Defendants deny the allegations of paragraph 189.

190.     Paragraph 190 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

191.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of paragraph 191.  Defendants deny the remaining allegations of paragraph 191.

192.     Defendants deny the allegations of paragraph 192.

193.     Defendants repeat and reallege their responses to paragraphs 1 through 192 as if fully set forth herein.

194.     Defendants admit that Plaintiff seeks to assert the claims alleged in the first sentence of paragraph 194, but deny the merits thereof.  The remainder of paragraph 194 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

195.     Defendants admit the allegations in the first sentence, but deny the remaining allegations of paragraph 195.

196.     Defendants deny the allegations of paragraph 196.

197.     Defendants deny the allegations of paragraph 197.

198.     Paragraph 198 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

199.     Paragraph 199 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

200.     Defendants repeat and reallege their responses to paragraphs 1 through 199 as if fully set forth herein.

201.     Defendants admit that Plaintiff seeks to assert the claim alleged in paragraph 201, but deny the merits thereof.

202.     Defendants admit the allegations in the first sentence, but deny the remaining allegations of paragraph 202.

203.     Defendants deny the allegations of paragraph 203.

204.     Defendants deny the allegations of paragraph 204.

205.     Paragraph 205 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

206.     Defendants repeat and reallege their responses to paragraphs 1 through 205 as if fully set forth herein.

207.     Defendants admit that Plaintiff seeks to assert the claim alleged in paragraph 207, but deny the merits thereof.

208.     Defendants deny the allegations of paragraph 208.

209.     Defendants deny the allegations of paragraph 209.

210. Paragraph 210 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

211. Defendants repeat and reallege their responses to paragraphs 1 through 210 as if fully set forth herein.

212. Defendants admit that Plaintiff seeks to assert the claim alleged in paragraph 212, but deny the merits thereof.

213. Paragraph 213 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

214. Defendants deny the allegations of paragraph 214.

215. Paragraph 215 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

216. Defendants repeat and reallege their responses to paragraphs 1 through 215 as if fully set forth herein.

217. Defendants admit that Plaintiff seeks to assert the claim alleged in paragraph 217, but deny the merits thereof.

218. Paragraph 218 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

219. Defendants deny the allegations of paragraph 219.

220. Defendants deny the allegations of paragraph 220.

221. Paragraph 221 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

222. Paragraph 222 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

223.     Defendants repeat and reallege their responses to paragraphs 1 through 222 as if fully set forth herein.

224.     Defendants aver that the Management Agreement says "conform to" rather than "confirm to" and admit the remaining allegations of paragraph 224.

225.     Defendants deny the allegations of paragraph 225.

226.     Paragraph 226 consists solely of legal conclusions to which no responsive pleading is required; to the extent that a response is required, Defendants deny such allegations.

Defendants deny each and every allegation of the Complaint not specifically admitted herein.

Defendants assert the following separate defenses to Plaintiff's Complaint without assuming the burden of proof on such defenses that would otherwise fall on Plaintiff. Defendants reserve the right to supplement or amend these defenses as discovery is conducted, and do not knowingly or intentionally waive any applicable affirmative defense.

## FIRST ADDITIONAL DEFENSE

Plaintiff has failed to state a claim upon which relief can be granted.

## SECOND ADDITIONAL DEFENSE

Plaintiff lacks standing to pursue his proposed derivative claims on behalf of the Fund because he has not established that the board wrongfully refused his demand.

## THIRD ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, because of the running of the applicable statutes of limitations.

## FOURTH ADDITIONAL DEFENSE

Any damages alleged by Plaintiff were a direct and proximate result of a superseding intervening cause, such that the intervening superseding cause bars any recovery against Defendants.

## FIFTH ADDITIONAL DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

## SIXTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part because Defendants performed their duties to the extent required by applicable law.

## SEVENTH ADDITIONAL DEFENSE

Plaintiff's claims are barred in whole or in part because the Defendants, at all times, acted in good faith.

Defendants deny that Plaintiff is entitled to recover any damages or obtain any of the relief requested in the Prayer for Relief and deny that Plaintiff is entitled to a jury trial.

Wherefore, Defendants request that this Court enter judgment in their favor dismissing with prejudice Plaintiff's First Amended Complaint in its entirety, awarding Defendants their attorney's fees, to the extent permitted by applicable law, and costs, and awarding such further relief as this Court deems appropriate.

Dated: April 3, 2015

Respectfully submitted,

/s/ Kurt D. Williams
Kurt D. Williams  MO Bar # 36957
Nick J. Kurt  MO Bar # 52216
BERKOWITZ OLIVER WILLIAMS SHAW &
EISENBRANDT LLP
266 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
(816) 561-7007
(816) 561-1888 (Fax)
kwilliams@berkowitzoliver.com
nkurt@berkowitzoliver.com

and

Steuart H. Thomsen (*pro hac vice*)
SUTHERLAND ASBILL & BRENNAN LLP
700 Sixth Street, NW, Suite 700
Washington, DC 20001
(202) 383-0166
(202) 637-3593 (Fax)
Steuart.thomsen@sutherland.com

*Attorneys for Defendants Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, and Timothy S. Webster*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of April, 2015, the foregoing was electronically filed

using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.


//s/ Kurt D. Williams
Kurt D. Williams  MO Bar # 36957
Nick J. Kurt  MO Bar # 52216
BERKOWITZ OLIVER WILLIAMS SHAW &
EISENBRANDT LLP
266 Grand Boulevard, Suite 1200
Kansas City, Missouri 64108
(816) 561-7007
(816) 561-1888 (Fax)
kwilliams@berkowitzoliver.com
nkurt@berkowitzoliver.com

*Attorneys for Defendants Thomas A. Brown, Andrea
C. Hall, Donald H. Pratt, Gale E. Sayers, M.
Jeannine Strandjord, and Timothy S. Webster*