UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| NELSON GOMES, individually, derivatively and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>        - against -<br><br>AMERICAN CENTURY COMPANIES, INC., AMERICAN CENTURY INVESTMENT MANAGEMENT, INC., JAMES E. STOWERS, JR., JAMES E. STOWERS, III, JONATHAN S. THOMAS, THOMAS A. BROWN, ANDREA C. HALL, DONALD H. PRATT, GALE E. SAYERS, M. JEANNINE STRANDJORD, TIMOTHY S. WEBSTER, WILLIAM M. LYONS, ENRIQUE CHAN, MARK KOPINSKI, and BRIAN BRADY,<br><br>        Defendants,<br><br>        - and -<br><br>AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND,<br><br>        Nominal Defendant. | Case No. 4:14-cv-00283-ODS<br><br>**JOINT MOTION TO APPROVE DISMISSAL WITH PREJUDICE AND SUGGESTIONS IN SUPPORT** |

   All Parties to this action, including Plaintiff Nelson Gomes, Nominal Defendant American Century World Mutual Funds, Inc. ("ACWMF"), and defendants American Century Companies, Inc. ("ACC"), American Century Investment Management, Inc. ("ACIM"), James E. Stowers, Jr., James E. Stowers, III, Jonathan S. Thomas, Thomas A. Brown, Andrea C. Hall, Donald H. Pratt, Gale E. Sayers, M. Jeannine Strandjord, Timothy S. Webster, William M. Lyons, Enrique Chang, Mark Kopinski, Brian Brady (collectively, "Defendants"), by and through their undersigned counsel, hereby jointly move for an order, pursuant to Fed. R. Civ. P. 23.1, approving the dismissal of the above-entitled action (the "Action") with prejudice.

# SUGGESTIONS IN SUPPORT OF MOTION

## FACTUAL BACKGROUND

1. Plaintiff filed this Action on March 26, 2014.

2. On or around April 16, 2013, Plaintiff made a demand on the ACWMF board of directors (the "Board") to pursue the claims in this Action.

3. In April 2014, the Board appointed a special subcommittee (the "Special Subcommittee") to investigate Plaintiff's demand and to advise the full board on recommended action.

4. On December 1, 2014, following a lengthy investigation and the generation of a extensive report analyzing the proposed claims, the Special Subcommittee recommended that the Board refuse Plaintiff's demand. On December 9, 2014, the Board considered the Special Subcommittee's report and recommendation and voted to refuse Plaintiff's demand. Attached hereto as **Exhibit A** is a copy of the Special Subcommittee's report together with the Board meeting minutes for the December 9, 2014 meeting.

5. While this Action was pending, Plaintiff's counsel was also pursuing in this Court similar claims against an overlapping set of defendants in *Seidl v. Am. Century Cos., Inc.*, No. 10-cv-04152 (W.D. Mo. July 15, 2010) ("*Seidl*"). The underlying theory of liability in the *Seidl* action was identical to that in this Action: plaintiffs argued that the mutual funds' investments in Internet gambling companies was a violation of 18 U.S.C. § 1955, the Racketeer Influenced and Corrupt Organizations Act ("RICO"), and the funds' directors' and investment advisors' common law duties.

6. Like this Action, the plaintiff in *Seidl* made demand on the board of directors of the nominal defendant, the board appointed a committee to investigate and recommend board

action, and the committee recommended the refusal of the *Seidl* plaintiff's demand. Like *Seidl*, the demand refusal issues in this Action are also governed under Maryland law. Like this Action, the board of directors of the nominal defendant in *Seidl* refused the plaintiff's demand. Following discovery into the independence, good faith, and due care of the committee and the board, the district court granted summary judgment for the defendants, concluding that under Maryland law, plaintiff could not pursue derivative claims where the company's board of directors had declined to pursue those claims in a valid exercise of business judgment. On August 21, 2015, the United States Court of Appeals for the Eighth Circuit affirmed and entered judgment accordingly.

7. On August 26, 2015, following the entry of judgment by the Eighth Circuit in *Seidl*, the Parties in this Action engaged in an arms'-length, court-ordered mediation with Thomas V. Bender of Walters Bender Strohbehn & Vaughan, P.C. as mediator. The mediator made a mediator's settlement proposal. Based on the mediator's proposal, the Parties negotiated and reached a mutually agreeable resolution.

8. Attached hereto as **Exhibit B** is a copy of the Settlement Agreement and General Release of Claims - *Gomes* (the "Settlement Agreement") entered into by and among the Parties.

9. Under the Settlement Agreement, the Parties have agreed, among other things, subject to the approval of the Court under Fed. R. Civ. P. 23.1, that this Action shall be dismissed with prejudice and without costs except for the payment of $75,000 by ACIM to Plaintiff's counsel as reimbursement of the expenses incurred by counsel in connection with researching, developing and prosecuting claims against Defendants.

10. On September 30, 2015, after reviewing the Settlement Agreement, the Board of ACWMF—the nominal defendant—approved it, finding that "it is fair and reasonable and in the

3

best interest of International Discovery Fund (the 'Fund'), a series of American Century World Mutual Funds, Inc., and its shareholders to enter the same." Attached hereto as **Exhibit C** is a copy of the Board's approval of the Settlement Agreement.

11. Defendants deny that they have committed, or threatened, or attempted to commit any wrongful act or violation of law or duty alleged in this Action. Defendants maintain that they have numerous meritorious defenses to the claims Plaintiff demanded that ACWMF bring against them, and they are prepared to vigorously defend all aspects of the Action. Nonetheless, taking into account the costs that continuing to litigate this action, together with the uncertainty and risks inherent in any litigation, Defendants and ACWMF have concluded that settlement of this Action on the terms described in Exhibit A is preferable to continued litigation of this action.

12. Attached as **Exhibit D** is the form of Stipulation and Order of Dismissal that the Parties ask the Court to approve.

## ARGUMENT

### I. THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE TO SHAREHOLDERS

The terms of the Settlement Agreement are "fair, reasonable and adequate" to the shareholders of the Fund. *See Wiener v. Roth*, 791 F.2d 661, 662 (8th Cir. 1986). This finding is supported by the following: (i) this Court granted summary judgment in *Seidl* under Maryland law, which was affirmed by the Court of Appeals; (ii) the underlying theory for Plaintiff's proposed claims in this Action are substantively identical to those in *Seidl*, and the demand requirements in both cases are governed by Maryland law; (iii) the Board and Special Subcommittee followed similar procedures as those followed by the board and committee in *Seidl*; (iv) the Special Subcommittee made similar findings and conclusions and made exactly the same recommendation as that made by the committee in *Seidl*; (v) the Board, acting pursuant

4
Case 4:14-cv-00283-ODS   Document 46   Filed 10/13/15   Page 4 of 9

to a valid exercise of business judgment under Maryland, determined that Plaintiff's proposed claims in this Action should not be pursued; (vi) under the *Seidl* ruling by this Court and affirmed by the Eighth Circuit, given the Board's action, neither Plaintiff nor other shareholders of the Fund will be able to pursue the claims in this Action on behalf of the Fund; and (vii) under the Court's February 16, 2012 order in *Gomes v. Am. Century Cos.*, No. 10-cv-0083, 2012 WL 10831065 (Feb. 16, 2012), *aff'd*, 710 F.3d 811 (8th Cir. 2013), neither Plaintiff nor other shareholders of the Fund are able to pursue direct claims against Defendants, *see also Seidl v. Am. Century Cos., Inc.*, 713 F. Supp. 2d 249 (S.D.N.Y. 2010), *aff'd* 427 F. App'x 35 (2d Cir. 2011) (finding that plaintiff in *Seidl* could not pursue direct claims against defendants). For these reasons, neither Plaintiff nor any other shareholder of the Fund has any authority or ability under Maryland law to pursue the claims Plaintiff sought to pursue in this Action, so the dismissal of this Action cannot materially prejudice the shareholders of the Fund. In addition, as noted above, on September 30, 2015, the Board of ACWMF—the nominal defendant—reviewed the Settlement Agreement and approved it on behalf of the Fund, finding it to be "fair and reasonable and in the best interest of the International Discovery Fund . . . and its shareholders . . . ." (*See* Exhibit C.)

The payment of Plaintiff's counsel's expenses is also fair, reasonable, and adequate to shareholders because the payment is to be made by ACIM, not the Fund, so payment will not prejudice the shareholders of the Fund.

## II.  NO NOTICE IS NECESSARY

Under Fed. R. Civ. P. 23.1, notice of a settlement ordinarily "must be given to shareholders or members in the manner that the court orders." This usually means prior notice and a hearing even in the case of a voluntary dismissal. However,

5

> The policy considerations which support requiring notice of a proposed voluntary dismissal are not applicable when the corporate claim is dismissed after a hearing on the merits. Litigation upon the merits substantially reduces the opportunities for collusion between the plaintiff-stockholder and the defendants. A contest upon the merits is presumed to indicate that the plaintiff-stockholder vigorously prosecuted the claim on behalf of the corporation. Accordingly, the Rule 23.1 notice provisions do not apply to dismissals following litigation upon the merits.

*Papilsky v. Berndt*, 466 F.2d 251, 258 (2d Cir. 1972) (citing cases).

Here, the Parties seek dismissal of this Action after the merits issues have been fully explored. In the *Seidl* action, the same counsel that represent Plaintiff here presented the same underlying legal theories of liability as in this Action.. The *Seidl* action was vigorously litigated over the course of almost seven years, including (a) in two motions to dismiss, *Seidl v. Am. Century Cos., Inc.*, 713 F. Supp. 2d 249 (S.D.N.Y. 2010) (granting motion to dismiss RICO claims for lack of RICO causation and granting motion to dismiss on common law claims holding claims could only be pursued derivatively, not directly, and that demand futility under Maryland law had not been shown); Order, *Seidl v. Am. Century Cos.*, No. 10-cv-04152 (W.D. Mo. Oct. 31, 2012), ECF No. 59 (denying motion to dismiss based on committee's report and recommendation and granting discovery); (b) in competing motions for summary judgment, *see* Order and Opinion, *Seidl v. Am. Century Cos.*, No. 10-cv-04152 (W.D. Mo. July 2, 2014), ECF No. 121, (c) in appeals to both the Second Circuit and the Eighth Circuit, *see Seidl v. Am. Century Cos., Inc.*, 427 F. App'x 35 (2d Cir. 2011); *Seidl v. Am. Century Cos.*, --- F.3d ---, No. 14-2796, 2015 WL 4978972 (8th Cir. Aug. 21, 2015); and (d) in a petition for *certiorari* to the Supreme Court, *see Seidl v. Am. Century Cos.*, 132 S.Ct. 846 (2011).

Similarly, this Action was also vigorously litigated over the course of over six years,[1] including in a motion to dismiss concerning the ability of Plaintiff to bring direct claims and

---

[1] Plaintiff filed his original complaint on August 4, 2009 in the Eastern District of California. *See Gomes v. Am.*

whether demand on the Board was excused as futile, which was affirmed after appeal to the Eighth Circuit. *See* Order, *Gomes v. Am. Century Cos.*, No. 10-cv-0083 (W.D. Mo. Feb. 16, 2012), ECF No. 63, *aff'd* No. 12-1639 (8th Cir. Mar. 28, 2013), ECF No. 4019159. After Plaintiff made demand, the Special Subcommittee investigated Plaintiff's claims and recommended that the Board refuse Plaintiff's demand, which the Board, in turn, did. Given the Court of Appeals' decision affirming the grant of summary judgment in *Seidl* under Maryland law, the Settlement Agreement reflects the view of all counsel that further litigation will be a waste of resources, for both the Parties and the courts. Under these circumstances, notice to shareholders is not required because *Seidl* and this Action have been fully and aggressively litigated on the merits, and there is no risk that this Settlement reflects collusion between Plaintiff's counsel and Defendants. *See Papilsky*, 466 F.2d at 258; *Arduini v. Hart*, 774 F.3d 622, 637 (9th Cir. 2014) (where plaintiffs "'actively litigated the demand futility issue,' which was decided on its merits, . . . there [wa]s less risk of collusive behavior between the shareholder and the corporation").

Particularly where, as here, the amount of the settlement is small and the direct and indirect costs of providing notice would be disproportionately large, courts have exercised their discretion to allow parties to dispense with the notice entirely when the policy considerations underlying the notice requirement are not implicated because the rights of shareholders will not be prejudiced. *Morales v. Consol. Oil & Gas, Inc., No.* 82 CIV. 4871, 1982 WL 1372, at *2 (S.D.N.Y. Dec. 23, 1982); *Plaskow v. Peabody Int'l Corp.*, 95 F.R.D. 297, 299 (S.D.N.Y. 1982).

While prior notice should be waived, in the interests of full disclosure, the Parties agree that ACIM will provide public notice of the settlement, following dismissal pursuant to approval

---

*Century Cos.*, No. 09-at-1233 (E.D. Cal. Aug. 4, 2009).

by the Court, by (i) filing a copy of the Notice of Dismissal with the SEC on the SEC's publicly-available website *via* the EDGAR filing system; and (ii) ACIM will provide information about the settlement on its publicly-available website.

## CONCLUSION

The settlement should be approved, the stipulation of dismissal should be approved, and the Court should order that prior notice need not be given.

Dated: October 13, 2015

> Respectfully submitted,
>
> /s/ Thomas I. Sheridan, III
>
> SIMMONS HANLY CONROY, LLC
> 112 Madison Avenue
> New York, NY 10016-7416
> (212) 784-6404
> tsheridan@hanlyconroy.com
>
> *Attorneys for Plaintiff*
>
> /s/ Kurt D. Williams
> Kurt D. Williams (MO Bar No. 36957)
> BERKOWITZ OLIVER WILLIAMS SHAW &
> EISENBRANDT LLP
> 2600 Grand Boulevard, Suite 1200
> Kansas City, Missouri 64108
> (816) 627-0215
> (816) 561-1888 (fax)
> kwilliams@berkowitzoliver.com
>
> -and-
>
> Steuart H. Thomsen (*pro hac vice* forthcoming)
> SUTHERLAND ASBILL & BRENNAN LLP
> 700 Sixth Street, N.W., Suite 700
> Washington, DC 20001-3980
> (202) 383-0166
> (202) 637-3593 (fax)
> steuart.thomsen@sutherland.com

*Attorneys for Defendants Thomas A. Brown; Andrea C. Hall; Donald H. Pratt; Gale E. Sayers; M. Jeannine Strandjord; and Timothy S. Webster; and Nominal Defendant American Century World Mutual Funds, Inc., doing business as American Century International Discovery Fund*

/s/ W. Perry Brandt
W. Perry Brandt (MO Bar No. 28292)
BRYAN CAVE LLP
1200 Main Street, Suite 3500
Kansas City, MO 64105
(816) 374-3200
(816) 374-3300 (fax)
perry.brandt@bryancave.com

-and-

COOLEY LLP

By: /s/ Gordon C. Atkinson
Gordon C. Atkinson (*pro hac vice* forthcoming)
Cooley LLP
101 California Street, 5th Floor
San Francisco, CA 94111-5800
(415) 693-2000
(415) 693-2222 (fax)
gatkinson@cooley.com

*Attorney for Defendants American Century Companies, Inc., American Century Investment Management, Inc.; James E. Stowers, Jr.; James E. Stowers, III; Jonathan S. Thomas; William M. Lyons; Enrique Chang; Mark Kopinski; Brian Brady*

9