IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NELSON GOMES, individually, derivatively and on behalf of all  others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>AMERICAN CENTURY COMPANIES, INC., AMERICAN CENTURY INVESTMENT MANAGEMENT, INC., JAMES E. STOWERS, JR., JAMES E. STOWERS, III, JONATHAN S. THOMAS, THOMAS A. BROWN, ANDREA C. HALL, DONALD H. PRATT, GALE E. SAYERS, M. JEANNINE STRANDJORD, TIMOTHY S. WEBSTER, WILLIAM M. LYONS, ENRIQUE CHAN, MARK KOPINSKI and BRIAN BRADY,<br><br>Defendants,<br><br>and<br><br>AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., d/b/a AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND,<br><br>Nominal Defendant. | Case No. 14-0283-CV-W-ODS |

## AMENDED ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Pending before the Court is the parties' Joint Motion to Approve Dismissal with Prejudice (Doc. #46), which the Court will construe as a Motion Seeking Preliminary Approval of the parties' settlement.  Also pending is the parties' Proposed Notice of Settlement to Shareholders (Doc. #50), which the Court directed the parties to file after a conference call with the parties on November 6, 2015.  As set forth herein and subject to further consideration at the Settlement Hearing described below, the parties' motion (as construed by the Court) is granted, and the method of notice to shareholders proposed by the parties is approved by the Court.

The Court having reviewed the Settlement Agreement (Doc. #46-2) and the parties' Proposed Notice of Settlement to Shareholders (Doc. #50) hereby finds and orders as follows:

1.      The terms of the Settlement Agreement as provided therein are approved preliminarily as fair, reasonable, and adequate, and subject to further consideration at the Final Approval Hearing.

2.      The definitions set forth in the Settlement Agreement are hereby incorporated by reference in this Order.

3.      The parties have executed the Settlement Agreement in order to settle and resolve this action on a nationwide basis, subject to approval of the Court.

4.      American Century Investment Management, Inc. ("ACIM") shall cause a summary notice of the settlement to be sent to all shareholders of the American Century International Discovery Fund through electronic mail or United States Mail with notice to be sent no later than seven days after the date of this Order.

5.      The Court approves the parties' Proposed Summary Notice to be emailed or mailed to shareholders.  Doc. #50-1.

6.      ACIM shall also provide further detail about the settlement on its website. The Summary Notice sent to shareholders via electronic mail or United States Mail shall include the address of the website where shareholders can find this further detail.

7.      The Court approves the parties' Proposed Website Notice.  Doc. #50-2.

8.      The parties shall be authorized to make non-material changes to the Proposed Summary Notice and Proposed Website Notice so long as counsel for all parties agree and one of the parties files a notice thereof with the Court prior to the Final Approval Hearing.  Neither the insertion of dates nor the correction of typographical or grammatical errors shall be deemed a change to the Summary Notice or the Proposed Website Notice.

9.      The Court finds that parties' Proposed Notice of Settlement (a) protects the interests of the named Plaintiff, the applicable shareholders, and Defendants; (b) is the best notice practicable under the circumstances, and (c) is reasonably calculated to apprise the shareholders of the proposed settlement, the Settlement Agreement, and their right to object to the proposed settlement.  In addition, the Court finds that the

notice methodology is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice of the proposed settlement and meets all applicable requirements of law, including, but not limited to, Rule 23.1 of the Federal Rules of Civil Procedure and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

10.     The Court preliminarily finds that the Named Plaintiff, Nelson Gomes, fairly and adequately represents the interests of shareholders who are similarly situated in enforcing the right of the corporation.

11.     The Court will hold a hearing ("Final Approval Hearing") on **December 17, 2015**, at 9:30 a.m. at the United States District Court, Courtroom 8C, 400 East Ninth Street, Kansas City, Missouri 64016, during which the Court will consider the fairness, reasonableness, and adequacy of the settlement, the entry of any final order or judgment in the action, and other related matters.  The Final Approval Hearing may be postponed, adjourned, or continued by Order of the Court without further notice to the shareholders.

12.     The Court reserves the right to approve the settlement at or after the hearing with such modifications as may be consented to by the parties without further notice to shareholders.

13.     To be considered at the Final Approval Hearing, all objections to the settlement must be made in writing and must be filed with the Court or postmarked by **December 9, 2015.**  Objections sent by United States Mail should be sent to the undersigned at Chambers 8552, 400 East Ninth Street, Kansas City, Missouri  64106. The Court will cause to be filed on ECF those objections that it receives via United States mail.  The objection shall include the objector's (or the objector's attorney's) name, address, telephone number, and email address; signature of the objector; the number of applicable shared owned by the objector; proof of the shares owned; and whether or not the objector intends to appear at the Final Approval Hearing.  If the objector is represented by counsel, the objection shall also be signed by the attorney who represents the objector and state whether the attorney representing the objector will appear at the Final Approval Hearing.

14.     Unless otherwise ordered by the Court, no objection to or other comment

3

concerning the settlement shall be heard unless timely filed in accordance with the guidelines above.

15.     Any shareholder who does not make his or her objection in a manner provided in this Order shall be deemed to have waived any such objection and shall forever be barred from making any objection to the settlement, including without limitation, the adequacy of the notice, or the fairness, adequacy, or reasonableness of the settlement.

16.     Any attorney hired by any shareholder for the purpose of appearing at the Final Approval hearing shall file his or her entry of appearance at the shareholder's expense no later than five days after the objection has been filed, with service on all counsel of record per the Federal Rules of Civil Procedure.

IT IS SO ORDERED.


                                        /s/ Ortrie D. Smith
                                        ORTRIE D. SMITH, SENIOR JUDGE
DATE: November 19, 2015                 UNITED STATES DISTRICT COURT

4