IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| NELSON GOMES, individually, derivatively and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 4:14-00283-ODS ) |
| AMERICAN CENTURY COMPANIES, INC.; AMERICAN CENTURY INVESTMENT MANAGEMENT, INC.; JAMES E. STOWERS, JR.; JAMES E. STOWERS, III; JONATHAN S. THOMAS; THOMAS A. BROWN; ANDREA C. HALL; DONALD H. PRATT; GALE E. SAYERS; M. JEANNINE STRANDJORD; TIMOTHY S. WEBSTER; WILLIAM M. LYONS; ENRIQUE CHAN; MARK KOPINSKI; AND BRIAN BRADY, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants, | ) ) |
| AMERICAN CENTURY WORLD MUTUAL FUNDS, INC., doing business as AMERICAN CENTURY INTERNATIONAL DISCOVERY FUND, | ) ) ) ) ) |
| Nominal Defendant. | ) |

## FINAL APPROVAL ORDER

Pending before the Court is the parties' Joint Motion to Approve Dismissal with Prejudice (Doc. #46), which the Court has construed as a motion seeking approval of the Parties' settlement (Doc. #46-2) (the "Settlement Agreement").

On November 19, 2015, the Court entered an Amended Order Preliminarily Approving Settlement and Providing for Notice (Doc. #52) (the "Preliminary Approval Order"). The Preliminary Approval Order, *inter alia*, (i) found the terms of the Settlement Agreement to be fair, reasonable, and adequate to shareholders, subject to further consideration at the Final Approval Hearing; (ii) ordered notice to be given to shareholders of the American Century International Discovery Fund (the "Fund") through electronic mail or United States Mail and on American Century Investment Management, Inc.'s ("ACIM") website; (iii) ordered that any objections to the settlement must be made in writing and must be filed with the Court or postmarked by December 9, 2015; and (iv) scheduled a Final Approval Hearing for December 17, 2015 at 9:30 a.m.

On December 17, 2015, the Court held a Final Approval Hearing. Counsel for all Parties appeared. No objections to the Settlement Agreement have been filed or received by the Court, either before or after the objection deadline of December 9, 2015. No objectors appeared, personally or through counsel, at the Final Approval Hearing.

The Court has considered the Parties' Settlement Agreement, together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel, and the record in this Action, and good cause appearing, it is hereby ORDERED, ADJUDGED, and DECREED THAT:

1. The definitions set forth in the Settlement Agreement are hereby incorporated by reference in this Order.

2. This Court has jurisdiction over the subject matter of this Action and over all parties to the Action.

3. The Court has reviewed the Declaration of Jennie Clarke Regarding Shareholder Notice (Doc. #53), the Affidavit of Mailing signed by Amy Ames (Doc. #53-4), the Affidavit of Jennifer M. Pumphrey (Doc. #53-3), and the Affidavit of Mailing signed by David Olshever (Doc. #53-2). The Court finds that the notice provided to shareholders of the Fund pursuant to the Preliminary Approval Order and consisting of notice via email or U.S. Mail to all shareholders of the Fund, together with more detailed notice on the American Century website, has been successful and was the best notice practicable under the circumstances and: (1) constituted notice that was reasonably calculated, under the circumstances, to apprise shareholders of the pendency of the Action, their right to object to the Settlement, and their right to appear at the Final Approval Hearing; (2) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (3) met all applicable requirements of the Federal Rules of Civil Procedure, due process, and the rules of the Court.

4. This Court gives final approval to the Settlement Agreement and finds that the Settlement Agreement—as modified by the Preliminary Approval Order, which modified the Settlement Agreement by providing for prior notice to be given to shareholders via mail and email—is fair, reasonable, adequate, and

in the best interests of the shareholders of the Fund. The consideration provided under the Settlement Agreement constitutes reasonable and fair value given in exchange for the release of the claims against the Released Parties (Settlement Agreement ¶ 5) considering the disputed issues, circumstances, and defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation. The complex legal and factual posture of this case and the fact that the Settlement is the result of arms' length negotiations between the Parties, including negotiations presided over by Thomas V. Bender of Walters Bender Strohbehn & Vaughan, P.C., support this finding.

5. The Court further finds that these facts, combined with the lack of other indicators of collusion and the Court's observations throughout the litigation, demonstrate that there was no collusion present in the reaching of the Settlement Agreement, implicit or otherwise.

6. The Court has specifically considered the factors relevant to settlement approval, including (1) the merits of Plaintiff's case weighed against the terms of the Settlement Agreement, (2) defendants' financial condition, (3) the complexity and expense of further litigation, and (4) the amount of opposition to the Settlement Agreement. *See Van Horn v. Trickey*, 840 F.2d 604, 607 (8th Cir. 1988).

7. <u>Merits of Plaintiff's case weighed against the Settlement Agreement</u>. This factor is the most important factor in determining whether a settlement is fair, reasonable, and adequate. *Van Horn*, 840 F.2d at 607. The Court finds that this factor weighs in favor of approval based on the following:

    a. This Court granted summary judgment for defendants and against plaintiff in the related case entitled *Seidl v. Am. Century Cos., Inc.*, No. 10-cv-04152 (W.D. Mo. July 15, 2010) ("*Seidl*"). That decision was affirmed by the Eighth Circuit on August 21, 2015. Counsel for all Parties agree that the underlying theory of liability in *Seidl* was identical to that in this Action, and the proposed claims were very similar.

    b. Counsel for all Parties also agree that the procedural posture of *Seidl* was extremely similar to that in this Action. After making a

3

demand on the board, the board in both cases appointed a subcommittee to investigate and recommend board action; the subcommittees in both cases followed similar procedures; after conducting an investigation, both subcommittees recommended refusal of the demand; and in both cases, the board adopted the recommendation of the subcommittee and refused the demand.

      c.     The subcommittees in both cases, assisted by counsel, did not find merit to plaintiffs' proposed claims and did not find pursuing the claims to be in the best interests of shareholders. (*See* Doc. #46-1.)

      d.     The Board of Directors of American Century World Mutual Funds, Inc., the nominal defendant, has reviewed the Settlement Agreement and approved it, finding that "it is fair and reasonable and in the best interest of International Discovery Fund . . . and its shareholders to enter the same." (Doc. #46-3.)

Based on these findings, the Court finds that Plaintiff would be unlikely to be able to establish that the business judgment of the Board to refuse the demand should not be respected. And even if allowed to proceed with the derivative claims, Plaintiff would likewise be unlikely to succeed on the merits.

    8.    <u>Defendants' financial condition</u>. Pursuant to the Settlement Agreement, all of the payment to be made to Plaintiffs' counsel will be made by ACIM. Counsel for ACIM represents, and the Court has no doubt, that ACIM is able to pay that amount. While one or more defendants could undoubtedly pay more than they are paying under the Settlement Agreement, "this fact, standing alone, does not render the settlement inadequate." *Petrovic v. Amoco Oil Co.*, 200 F.3d 1140, 1152 (8th Cir. 1999).

    9.    <u>The complexity and expense of further litigation</u>. Summary judgment motions on the issue of whether the Board's business judgment in refusing the demand should be upheld or whether it wrongfully refused Plaintiff's demand would be expensive, as would any appeal or trial on that issue. Further, as found by the subcommittee, litigation on the merits would likely involve the presentation of many different defenses and would impose high costs on the

Fund. (Doc. #44-1 at p. 44-49.) This factor thus also weighs in favor of approval.

10. <u>The amount of opposition to the settlement</u>. No shareholders have objected to the Settlement Agreement. This factor thus also weighs in favor of approval.

11. Since all factors weigh in favor of approval, the Court finds that the settlement is fair, reasonable, and adequate to all concerned. Accordingly, the Settlement Agreement is hereby finally approved in all respects, as modified by the Preliminary Approval Order, and the Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Order in full and shall have the full force of an Order of this Court.

12. This Court hereby dismisses the Action on the merits and with prejudice.

13. Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

14. The Clerk is directed to enter final judgment in accordance with this Order.

15. The Parties, without further approval from the Court, are hereby permitted to agree to and to adopt such amendments, modifications, and expansions of the Settlement Agreement so long as they are consistent in all material respects with this Order.

16. Without affecting the finality of this Order or the judgment in any way, this Court hereby retains continuing jurisdiction as to all matters relating to administration, consummation, implementation, enforcement, and interpretation of the Settlement Agreement and this Order and judgment, and for any other necessary purpose all matters ancillary thereto.

IT IS SO ORDERED.

Dated: December 17, 2015          /s/ Ortrie D. Smith  
                                                  Ortrie D. Smith, Senior Judge  
                                                  United States District Court